UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DESHAN SPIVEY** | : | **DOCKET NO. 2:23-cv-0647** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Currently before the court is a "Motion for Emergency Injunction" filed by pro se plaintiff, Deshan Spivey. Doc. 5. Spivey is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Allen Correctional Center in Kinder, Louisiana. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I.**
**BACKGROUND**

On May 16, 2023, plaintiff filed a civil rights lawsuit, pursuant to 42 U.S.C. § 1983, which is presently under initial review by this Court. Doc. 1.

On June 16, 2023, plaintiff filed a "Motion for Emergency Injunction," through which he asks this Court to order the defendants to produce documents, which would possibly be discoverable in his civil suit, and transfer him to Elayn Hunt Correctional Center. Doc 5, p. 2.

## II.
## LAW & ANALYSIS

### A. Injunctive Relief

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. *See Morrow v. Harwell,* 768 F.2d 619, 627 (5th Cir.1985). In order to obtain a preliminary injunction, a plaintiff must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. *See Planned Parenthood of Houston & Southeast Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir.2005).

Furthermore, in the prison setting, requests for injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Except in extreme circumstances, the federal courts are reluctant to interfere with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright,* 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

### B. Application

Plaintiff is unable to show a substantial likelihood that he will prevail on the merits, as he does not have a protected liberty interest in where he is placed, see *Meachum v. Fano*, 96 S. Ct. 2532, 2538 (1976), or a constitutional right to be incarcerated in a certain facility or unit, *see Olim v. Wakinekona*, 103 S. Ct. 1741, 1744 (1983). *Cf. Ready v. Fleming,* 2002 U.S. Dist. LEXIS 10997, 2002 WL 1610584 (N.D. Tex. July 19, 2002).

Moreover, any request for documents is premature as this civil action remains on initial review pursuant to 28 U.S.C. §§1915 and 1915A. At this stage in the proceedings, discovery is not necessary to proceed.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Emergency Injunction (doc. 5) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers this 26th day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE