UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DESHAN SPIVEY** | : | **DOCKET NO. 2:23-cv-0647** |
| D.O.C. # 502345 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint (doc. 1) filed pursuant to 42 U.S.C. § 1983, by Deshan Spivey, who is proceeding pro se and in forma pauperis in this matter. Spivey is an inmate in the custody of the Louisiana Department of Corrections ("LDOC"), incarcerated at the Allen Correctional Center (ACC) in Kinder, Louisiana. He names the following as defendants: (1) Keith Cooely; (2) Brent Thompson; (3) James Leblanc; (4) Curley Victorian; (5) Mark Estes; (6) Col. Langley; (7) D. Johnson; and (8) Krystal Simon. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Plaintiff alleges that as a result of PREA complaints he has made while housed at ACC, he has been retaliated against. Doc. 1, p. 3. He makes a general statement that his "constitutional rights have been violated 8th amendment cruel and unusual punishment and 1st amendment the right to liberty and the pursuit of happiness." *Id*. He also states that "no one should be mistreated because they are LBGQT or denied the same rights that other prisoners are given." *Id*.

Plaintiff asks that this Court "hold the Louisiana Department of Corrections accountable and liable for the harsh treatment of homosexual and that he be compensated $800,000 for pain and suffering. *Id*. at p. 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Spivey has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

<u>Plaintiff should amend to comply with the requirements of Rule 8 with respect to each named defendant.</u>

### D. Supervisory Defendants

Plaintiff has named Warden Keith Cooley, Deputy Warden Brent Thompson, Assistant Warden Curley Victorian, Assistant Warden Mark Estes and Assistant Warden Krystal Simon as

defendants.  It appears that he has named them in their supervisory capacities. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims*." Pierce v. Texas Dept. of Crim. Justice, Inst. Div*., 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 104 S.Ct. 248 (1983).  In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants.

### E. Claims

#### 1. Retaliation

"Retaliation" is not expressly referenced in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann*, 92 S. Ct. 2694, 2698 (1972). Retaliation is actionable only if the retaliatory act "'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell,* 449 F.3d 682, 686 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d

1161, 1164 (5th Cir. 1995) (citations omitted). "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected activities." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (per curiam) (citing Morris, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein,* 385 F. App'x 386, 387 (5th Cir. 2010) (per curiam) (citing *Woods*, 60 F.3d at 1166). In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so de minimis that they would not deter the ordinary person from further exercise of his rights. *Morris*, 449 F.3d at 686. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997), cert denied, 522 U.S. 995, 118 S. Ct. 559, 139 L. Ed. 2d 400 (1997) (citations omitted). "Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325 (citing *Woods*, 60 F.3d at 1166). The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Id*. In other words, a successful claim of retaliation requires a showing that, but for some

retaliatory motive, the complained of adverse incident would not have occurred. *Woods*, 60 F.3d at 1166.

Plaintiff should amend to specify which prison official(s) he intends to bring a retaliation claim against. Moreover, he should provide specific facts setting forth either direct evidence of motivation or a chronological series of events from which retaliation can be inferred with respect to each defendant against whom he intends to bring a retaliation claim against.

### 2. *Discrimination*

Plaintiff claims that he is the victim of discrimination based upon sexual orientation and implies that, because he is a homosexual, he is treated differently than other prisoners who are heterosexual.

To succeed on an equal protection claim, the plaintiff must allege that he was intentionally treated differently from "similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson,* 257 F.3d 470, 472 (5th Cir. 2001). "Discriminatory purpose ... implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) (internal quotation marks omitted). Put another way, in order to state a claim for violation of equal protection of the laws, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003).

The alleged discrimination in this case is based on sexual orientation. Neither the Supreme Court nor the Fifth Circuit "has recognized sexual orientation as a suspect classification" or protected group; nevertheless, governmental action may violate the equal protection rights of a homosexual person "if it disadvantages homosexuals for reasons lacking any rational relationship to legitimate governmental aims." *Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir. 2004); accord *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 348 (5th Cir. 2006)(quoting *Vill. of Willowbrook v. Olech,* 120 S.Ct. 1073, 1074 (2000) and recognizing that absent membership in a suspect or protected class, a plaintiff can succeed on a "class of one" equal protection claim only when there is "no rational basis for the difference in treatment").

Legitimate governmental aims include "preservation of order and prevention of violence in prison" and protection of "homosexual prisoners from abuse at the hands of their fellow inmates". *See Hall v. Morehouse Parish Det. Ctr.*, No. 09-1476, 2009 U.S. Dist. LEXIS 104870, 2009 WL 3762084, at *1, 4 (W.D. La. Nov. 9, 2009) (adopting recommendation with one modification).

Plaintiff's complaint alleges no facts to support a claim that he was discriminated against. He should amend to state such facts, in accordance with Rule 8, set forth above.

### IV.
#### CONCLUSION

Before the Court can address the merits of plaintiff's complaint, he must amend to address the deficiencies described above, and to dismiss the claims and parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Spivey at his last address on file.

**IT IS ORDERED** that Spivey amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Spivey is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers this 26th day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE